IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN CURTIS MORITA,

     Plaintiff,                       No. CIV S-10-0617 DAD P

    vs.

SOLANO COUNTY JAIL, et al.,

     Defendants.              ORDER

_____/

        Plaintiff is an inmate at the Solano County Jail and proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $8.67 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's inmate trust account and forward it

1

to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's inmate trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. Plaintiff's Complaint

In his complaint, plaintiff contends that he is suffering pain caused by a "pellet" in his right foot and that medical staff have refused to remove the pellet, failed to provide him "adequate shoes or cane," and failed to provide medication for his pain.  (Compl. at 3.)  Plaintiff names the "Doctor(s) and Nurses, et al." at Solano County Jail as defendants.  Plaintiff has attached to his complaint a response to his jail administrative grievance which indicates that he was booked at the Solano County Jail on January 22, 2010.  (Compl. (Doc. No. 1) at 17.)[1]

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

/////

---

[1] The administrative grievance response indicates as follows.  On February 1, 2010, plaintiff did not complain of foot pain during his health inventory.  (Id.)  Plaintiff was also seen on February 2, 1020, February 9, 2010, and February 16, 2010 by the jail medical provider, but it was determined that there was no medical necessity to remove the pellet.  (Id.)  In addition, on March 3, 2010, a notation was made in plaintiff's jail medical records that during "unlock" plaintiff was "observed standing, walking in the mod with no gait problems or limping." (Id.)

III. <u>Medical Care Claim</u>

In his amended complaint, plaintiff must clarify his custody status at the Solano County Jail for the time period he alleges he did not receive adequate medical care. Plaintiff's custody status determines whether he is proceeding under the Fourteenth Amendment (governing pretrial detainees) or the Eighth Amendment (governing convicted person).[2] Plaintiff must also allege facts that if proven would establish "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). A claim of inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1991), <u>overruled on other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" <u>McGuckin</u>, 974 F.2d at 1059 (quoting <u>Estelle</u>, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." <u>Id.</u> at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

If a prisoner alleges facts establishing the existence of a serious medical need, he must then also allege facts showing that medical staff responded to the serious medical need with deliberate indifference. <u>Farmer</u>, 511 U.S. at 834. In general, deliberate indifference may be shown when staff or officials deny, delay, or intentionally interfere with medical treatment, or by the way medical care was provided. <u>Hutchinson v. United States</u>, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that plaintiff's civil rights have been abridged with regard to medical

---

[2] The court notes, however, that the applicable legal standards governing claims under the two amendments are essentially the same. <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1017 (9th Cir. 2010).

care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must allege facts showing that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  See also McGuckin, 974 F.2d at 1060.

Finally, mere differences of opinion between a plaintiff and medical staff as to proper medical care do not give rise to a § 1983 claim.  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

IV.  Defendants

The caption of plaintiff's complaint appears to name the Solano County Jail and Medical Department as defendants.  Plaintiff is advised that these entities are not parties that are amenable to suit under 42 U.S.C. § 1983.  Although municipalities, such as cities and counties, are amenable to suit under Monell v. Dept. of Social Servs., 436 U.S. 658 (1978), sub-departments or bureaus of municipalities are not generally considered "persons" within the

meaning of § 1983.  Hervey v. Estes, 65 F.3d 784, 791 (9th Cir.1995); see also United States v. Kama, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J., concurring); Sanders v. Aranas, No. 1:06-CV-1574 AWI  SMS, 2008 WL 268972, at *3 (E.D.Cal. Jan 29, 2008) (holding that the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno).  Thus, plaintiff should not name the Solano County Jail or the Jail's Medical Department as defendants in any amended complaint he elects to file.

      Plaintiff has not named any individual as a defendant.  Plaintiff is advised that the court cannot order service of the complaint when there are no defendants actually named and it would be difficult for plaintiff to conduct discovery to determine the names of any "Doe" defendant when there are no defendants identified by name in his complaint.  Thus, in any amended complaint he elects to file, plaintiff should name the specific doctor or medical staff that plaintiff contends violated his constitutional rights as defendants.

V.  Amended Complaint

      In his amended complaint, plaintiff must also allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

      Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 23, 2010 application to proceed in forma pauperis (Doc. No. 3) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $8.67. All fees shall be collected and paid in accordance with this court's order to the Sheriff of the Solano County Jail filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff shall use the form complaint provided by the Clerk of the Court; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: September 24, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mori0617.14